# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| In re World Trade Center Disaster Site Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21 MC 102, 21 MC 103 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ESIS, Inc. (formerly known as Hygienetics Environmental Services, Inc.)
C/O CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Hold for pickup. | Date and Time: 05/08/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/17/2013

CLERK OF COURT           OR

_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Verizon New York Inc.
_____ , who issues or requests this subpoena, are:

Andrew S. Jacobs, 601 Lexington Ave., New York, NY 10022, andrew.jacobs@kirkland.com, 212-446-4911

Civil Action No. 21 MC 102, 21 MC 103

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

  ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

  ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                          *Server's signature*

                    _____
                          *Printed name and title*

                    _____
                          *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

This subpoena is being issued on behalf of one or more defendants in the consolidated federal court actions commonly known as *In re World Trade Center Lower Manhattan (Combined) Disaster Site Litigation*, 21 MC 102 and 103 (AKH) (SDNY) ("the Litigation"). The issuing defendant(s) was/were sued by numerous individuals ("plaintiffs"), who allege, among other things, respiratory and non-respiratory injuries relating to the recovery, restoration, and/or clean-up operations at locations near the World Trade Center Site ("WTC Site related locations") following the terrorist attacks on September 11, 2001.

## SCOPE OF SUBPOENA

This subpoena *duces tecum* requires You to produce or permit the inspection, copying, testing or sampling of Documents (as defined below) that are in Your custody, possession, or control and concern issues relevant to the Litigation. Unless otherwise specified, the document requests listed below seek Documents concerning or relating to your Work at 140 West Street, New York, NY 10013 (a/k/a Verizon Building) (hereafter "140 West Street").

## DEFINITIONS

"Documents" means documents or electronically stored information as defined in Federal Rule of Civil Procedure 34.

"Communicate" or "communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, e-mails, undertakings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral or written, between two or more persons.

"Record" or "records" shall mean any and all records, files (including computer files), documents (as defined by the Federal Rules of Evidence, including those in electronic form), graphs, charts, maps, writings, correspondence, drawings, transcripts, drafts, recordings, data, studies, guidelines, directives, and/or reports.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, e-mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home, and/or portable media or devices used by You.

"Concerning" and "relating to" (or any form thereof) shall mean, in whole or in part, alluding to, analyzing, characterizing, commenting upon, comprising, concerning, constituting, containing, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, referring to, reflecting, responding to, setting forth, showing, stating, supporting, or summarizing.

"Work" or "services" refers to any and all work or services performed by You that, to Your knowledge, were requested, provided and/or contracted for (in whole or in part) as a result of, or in response to, the terrorist attacks on the World Trade Center on September 11, 2001. These services include but are not limited to services provided to Verizon New York Inc., its employees, agents or contractors in or around the building located 140 West Street, New York, NY 10007 (including areas immediately adjacent to, or surrounding, the building, the "Verizon Building").

"You" and "Your" refer to (a) ESIS, Inc., ESIS Global Risk Control Services, Hygienetics Environmental Services, Inc., any of their current or former affiliates and/or subsidiaries (collectively, "Hygienetics"); and (b) any of Hygienetics' former or current employees, agents, representatives, attorneys and any other persons or entities acting on behalf of Hygienetics.

The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

The terms "all," "any," and "each" shall each be construed to include all of those terms.

## INSTRUCTIONS

You shall produce all documents within your possession, custody or control.

If you believe that any person or entity might have possession, custody or control of any document that is not within your possession, custody or control but is otherwise responsive to any part of these requests, you shall state so and shall identify the person or entity that you believe might have custody or control of that document.

You shall produce all documents in the order and manner that they are kept in the usual course of business. You shall produce all documents in their original folders, binders, covers, or containers (or you shall provide properly sequenced photocopies thereof).

Do not assume that Documents responsive to this subpoena should be produced in hard copy. The defendants may wish to inspect or image hard-copy Documents, and they have the right to designate the form in which ESI is produced. *See* Fed. R. Civ. P. 45(a)(1)(B). Thus, it is very important that You **contact the attorney who issued this subpoena before producing Documents**. The defendants will attempt to make Your production as efficient as possible. They reserve their right, however, to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, then Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to assess the nature and merits of that claim. Fed. R. Civ. P. 45(2)(A).

2

Each of the requests for production of documents is to be read consistently with the definitions provided above.

If no document exists which is response to a particular request, then You shall state so.

Failure to obey this subpoena may be deemed a contempt of court. Fed. R. Civ. P. 45(e).

## TIME PERIOD

Unless otherwise stated, these requests cover the period September 11, 2001, to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Documents reflecting agreements and/or arrangements for You to perform Work at the Verizon Building (including but not limited to proposals, purchase orders and contracts with all attachments, as well as Documents concerning the bidding, negotiation, acceptance and amendment of any agreements, arrangements and/or contracts).

2. Accounts receivable Documents for Work at the Verizon Building (including but not limited to invoices You issued).

3. Accounts payable Documents for Work at the Verizon Building (including but not limited to invoices You received).

4. Documents concerning the plans for Work at the Verizon Building (including but not limited to proposals, purchase orders, job specifications, testing schedules and specifications, blueprints, and project manuals).

5. Documents concerning the Work conducted at the Verizon Building (including but not limited to daily, weekly and monthly logs, progress reports, work orders, journals, notes, punch lists, air testing results, bulk sampling results, laboratory reports, and punch lists).

6. Photographs, videos, drawings, and/or recordings of Work at the Verizon Building (including but not limited to those taken to record the locations from where air or bulk samples were taken).

7. Documents identifying the individuals who performed Work at the Verizon Building (including but not limited to employment applications, personnel records, union records, attendance/sign-in sheets, time sheets, and payroll records).

8. Documents concerning the site health and/or safety plan You put in place for, observed, or followed, during the Work at the Verizon Building, including but not limited to any policies relating to the use of personal protective equipment.

9. Documents identifying the individual(s) who were responsible for worker health and safety during Work performed by You at the Verizon Building.

10. Documents concerning training provided to and/or received by the individuals who performed Work at the Verizon Building (including but not limited to attendance/sign-in sheets, curricula, handouts, literature, books, and certificates of completion).

11. Documentation of any federal, state, local, or other professional certifications held by You or Your employees at the time Work was performed at the Verizon Building.

12. Documents concerning personal protective equipment, including but not limited to, face masks, respirators, and filters, provided to and/or received by individuals who performed Work at the Verizon Building (including but not limited to purchasing/billing records, inventory records, consignment/leasing records, protocols, instructions for use, and fit-testing records).

13. Documents concerning any communications between You and/or Your employees and agents/employees of federal, state, and/or local government agencies.

14. Documents concerning the use of personal protective equipment by You or Your employees during Work performed at the Verizon Building.

15. Documents concerning personal and/or work-site air monitoring performed during Work at the Verizon Building.

16. Documents concerning dust and/or particulate sampling performed during Work at the Verizon Building.

17. Documents concerning the availability of decontamination facilities or equipment to, and/or use of such equipment and facilities by, You or Your employees while Work was performed at the Verizon Building.

18. Documents concerning existing or potential Workers' Compensation claims related to injuries allegedly sustained during Work at the Verizon Building.

19. Every commercial general liability and excess insurance policy that names You as a primary or additional insured and was in effect at any time from September 11, 2001, through the present.

20. Documents reflecting all communications concerning the Work performed at the Verizon Building.

20. Documents concerning any communications between You and/or Your employees and Verizon and/or its agents.

21. Documents concerning any communications between You and/or Your employees and other contractors or companies performing work at the Verizon Building.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| In re Lower Manhattan Disaster Site Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21 MC 102, 21 MC 103 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ESIS, Inc. (formerly known as Hygienetics Environmental Services, Inc.)
    C/O CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A.

| Place: Sheraton Philadelphia Society Hill Hotel<br>1 Dock St.<br>Philadelphia, PA 19106 | Date and Time:<br><br>05/08/2013 10:00 am |
|---|---|

The deposition will be recorded by this method:  audio, stenographic, and/or videographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/17/13

_____            OR           _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Verizon New York Inc.
_____, who issues or requests this subpoena, are:
Andrew S. Jacobs, 601 Lexington Ave., New York, NY 10022, andrew.jacobs@kirkland.com, 212-446-4911

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21 MC 102, 21 MC 103

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

This subpoena is being issued on behalf of one or more defendants in the consolidated federal court actions commonly known as *In re World Trade Center Lower Manhattan (Combined) Disaster Site Litigation,* 21 MC 102 and 103 (AKH) (SDNY) ("the Litigation"). The issuing defendant(s) was/were sued by numerous individuals ("plaintiffs"), who allege, among other things, respiratory and non-respiratory injuries relating to the recovery, restoration, and/or clean-up operations at locations near the World Trade Center Site ("WTC Site related locations") following the terrorist attacks on September 11, 2001.

## SCOPE OF SUBPOENA

This subpoena *ad testificandum* requires You to appear for a videotaped deposition at a location, to be agreed upon by counsel, at the date and time specified on the subpoena. Unless otherwise specified, the topics listed below seeking testimony concerning or relating to Your Work at 140 West Street, New York, NY 10007 (a/k/a the "Verizon Building").

## DEFINITIONS

"Documents" means documents or electronically stored information as defined in Federal Rule of Civil Procedure 34.

"Communicate" or "communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, e-mails, undertakings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral or written, between two or more persons.

"Record" or "records" shall mean any and all records, files (including computer files), documents (as defined by the Federal Rules of Evidence, including those in electronic form), graphs, charts, maps, writings, correspondence, drawings, transcripts, drafts, recordings, data, studies, guidelines, directives, and/or reports.

"Concerning" and "relating to" (or any form thereof) shall mean, in whole or in part, alluding to, analyzing, characterizing, commenting upon, comprising, concerning, constituting, containing, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, referring to, reflecting, responding to, setting forth, showing, stating, supporting, or summarizing.

"Work" or "services" refers to any and all work or services performed by You which, to Your knowledge, were requested, provided and/or contracted for (in whole or in part) as a result of, or in response to, the terrorist attacks on the World Trade Center on September 11, 2001. These services include but are not limited to services provided to Verizon New York Inc. or its employees.

"You" and "Your" refer to (a) ESIS, Inc., ESIS Global Risk Control Services, Hygienetics Environmental Services, Inc., any of their current or former affiliates and/or subsidiaries

1

(collectively, "Hygienetics"); and (b) any of Hygienetics' former or current employees, agents, representatives, attorneys and any other persons or entities acting on behalf of Hygienetics.

"Verizon" refers to Verizon New York Inc., its employees, agents, or contractors.

The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

The terms "all," "any," and "each" shall each be construed to include all of those terms.

"Relevant period" means the period beginning September 11, 2001, through the present.

## DEPOSITION TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), You shall produce one or more witnesses who can testify thoroughly and accurately on the following topics:

1. The training, experience level, degree of expertise, and specialization of Your employees who performed Work at the Verizon Building during the relevant period.

2. The methods, procedures, and results of any dust and/or particulate sampling You performed at the Verizon Building during the relevant period (including but not limited to air monitoring).

3. All communications with Verizon related to Work at the Verizon Building.

4. All communications with other contractors or companies who were on site at the Verizon Building during the relevant period (including but not limited to employees and supervisors of environmental consulting firms, asbestos abatement firms, and general contractors).

4. All communications with federal, state, and local government bodies related to Work at the Verizon Building.

5. The use of personal protective equipment by You at the Verizon Building during the relevant period.

6. Any safety plans, policies, or procedures created, implemented, observed, or followed by You or Your employees during Work at the Verizon Building.

7. The availability and/or use of decontamination facilities or equipment by You or Your employees during Work performed at the Verizon Building.

8. The Work performed by You or Your employees at the Verizon Building.

9. All communications concerning the Work performed at the Verizon Building.

2